#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SIENA VENTURES LLC**, | : | |
| **SV PA PHI 1 LLC**, | : | Case No. 2:17-cv-04422-CDJ |
| **BTV PHIL LLC**, *and* | : | |
| **BTV PHIL 3 LLC** | : | |
| | : | Honorable C. Darnell Jones, II |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| **ABC CAPITAL INVESTMENTS, LLC**, | : | |
| **ABC CAPITAL REALTY LLC**, | : | |
| **NEW PHILLY CONSTRUCTION LLC**, | : | |
| **AMIR VANA**, | : | |
| **JASON P. WALSH**, | : | |
| **YARON ZER**, | : | |
| **ARIEL TAUBE**, *and* | : | |
| **HOWARD A. GREENBERG** | : | |
| | : | |
| *Defendants* | : | |

#### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND
####  AND FOR COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(c)

Defendants' Notice of Removal is fatally defective for two independent reasons:

*First*, this Court lacks subject matter jurisdiction over the dispute because, contrary to Defendants' statements in the removal petition, there is no diversity of citizenship between the parties.  As set forth in briefing in the related matter of *ABC Capital Investments, LLC v. BTV PHIL, LLC, et al.*, Case No. 2:17-cv-03548-CDJ ("*ABC Capital* Case"), also pending before this Court, the United States Court of Appeals for the Third Circuit has made clear that the citizenship of limited liability companies or LLCs – like Plaintiffs and certain Defendants in this action – is determined by the citizenship of their members, not by the LLC's state of formation or its principal place of business.  *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 110 (3d Cir. 2015).  In this case, as in the related *ABC Capital*

Case, there is not complete diversity of citizenship between the parties and, as such, this Court lacks subject matter jurisdiction. Counsel for Defendants has had actual knowledge of this issue since at least September 8, 2017, if not before, when the undersigned filed a motion to dismiss for lack of subject matter jurisdiction in the *ABC Capital* Case. *See* 2:17-cv-03548-CDJ *("ABC Capital* Docket") at ECF Doc. 2 (Sept. 8, 2017).

*Second*, independent of any issue over subject matter jurisdiction, 28 U.S.C. § 1441(b)(2) prohibits removal based on diversity of citizens where "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In this case, each of the corporate Defendants and at least individual Defendants Walsh and Greenberg are citizens of Pennsylvania. Accordingly, Defendants would have no right to remove this matter even if complete diversity of citizenship existed.

Because these defects are plain, patent and fatal – *and because counsel for Defendants had actual knowledge of the lack of subject matter jurisdiction for nearly a month before frivolously removing this matter* – the Court should also award Plaintiffs all costs and expenses, including attorney's fees, that Plaintiffs incurred in connection with responding to all of Defendants' meritless removal efforts. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.")

## I.     PROCEDURAL HISTORY OF THIS CASE AND RELATED PROCEEDINGS

Defendants' baseless attempt to remove this case is only the latest unfortunate example of meritless and procedurally flawed filings by Defendants in this matter. A history of related proceeding and Defendants' earlier filings is necessary to establish actual

knowledge of these issue by counsel for Defendants, which is relevant to Plaintiffs' request for fees and costs pursuant to 28 U.S.C. § 1447(c).

A.     **The *ABC Capital* Case**

On August 7, 2017, ABC Capital Investments LLC ("ABC Capital") initiated a lawsuit in this Court against Siena Ventures LLC (improperly named as "Sienna Ventures LLC"), Siena Venture's two individual members – Franco Pacelli and David Gabbay – and two other LLCs owned individually or jointly by Pacelli and Gabbay.  *See ABC Capital* Docket at ECF Doc. 1.  In the Complaint, ABC Capital indiscriminately accuses all defendants of "surreptitiously" learning ABC Capital's "proprietary business methods, trade secrets [and] customer lists" and "poach[ing] . . . in bad faith" its "key laborers, employees and staff."  *ABC Capital* Complaint ("*ABC* Cmpl.") ¶¶ 8-9.  Based upon these conclusory allegations, ABC Capital purports to assert claims for violations of "The Pennsylvania Proprietary Trade Secrets Act" (Count I), civil conspiracy (Count II), tortious interference with existing and prospective contractual relations (Count III), breach of fiduciary duty (Count IV) and civil conversion (Count V).  *ABC* Cmpl. ¶¶ 11-33.

ABC Capital alleged that the Court has subject matter jurisdiction over the dispute because "complete diversity of citizenship" allegedly exists and "over $125,000 is at issue." *ABC* Cmpl. ¶ 5.  In truth, however, complete diversity does not exist because both Amir Vana, an owner of ABC Capital, and individual defendant Pacelli are both residents of New Jersey.  Accordingly, on September 8, 2017, defendants in the *ABC Capital* Case filed a motion to dismiss for lack of subject matter jurisdiction, arguing that no diversity exists and the *ABC* Complaint must be dismissed.  *See ABC Capital* Docket at ECF Doc. 2.  That motion remains pending before this Court.

**B.     The Current Case**

On September 8, 2017, the same day they moved to dismiss the *ABC Capital* Case, Siena Ventures LLC and several LLCs owned individually or jointly by Messrs. Pacelli and Gabbay filed suit in the Court of Common Pleas of Philadelphia County against ABC Capital, ABC Capital Realty LLC, New Philly Construction LLC, and numerous individual defendants ("State Case").  *See* State Case Complaint, attached to Notice of Removal as Exhibit A.  In that 32-page, nine count complaint, Plaintiffs assert numerous state law claims against Defendants sounding in breach of contract, breach of fiduciary duty, fraud, tortious interference with contract, and declaratory relief, among others.  *See id.*

On September 26, 2017, Defendants purported to remove the State Case to this Court.  Notwithstanding the prior briefing in the *ABC Capital* Case over the parties' citizenship status, Defendants removed the State Case solely on the identically flawed basis of diversity jurisdiction.  In addition, Defendants improperly removed the State Case directly into the existing *ABC Capital* Case rather than as an independent action.  That faulty and procedurally improper filing remains on the *ABC Capital* docket today and has not been corrected.  *See ABC Capital* Docket at ECF Doc. 4.

Then, on October 4, 2017, Defendants again removed the State Case, this time marking it as an independent action.  *See* 2:17-cv-04422-CDJ ("*Siena* Docket") at ECF Doc. 1. As with the earlier attempt, Defendants based their removal efforts solely on the flawed ground of diversity jurisdiction.  *See* Designation Form, *Siena* Docket at ECF Doc. 1-4.[1]

---

[1] In their Notice of Removal, Defendants contend that this Court has subject matter jurisdiction "pursuant to 28 U.S.C. § 1441."  *See* Notice of Removal (*Siena* Docket at ECF Doc. 1) ¶ 2.  But that statutory section merely addresses the removal of civil actions and does not provide an independent basis for subject matter jurisdiction.  In their Designation Form, in contrast, Defendants purport to invoke the Court's diversity jurisdiction.  *See Siena*

## II. THE COURT SHOULD REMAND THIS MATTER BECAUSE COMPLETE DIVERSITY DOES NOT EXIST AND CERTAIN DEFENDANTS ARE PENNSYLVANIA RESIDENTS

The Court should remand this case pursuant to 28 U.S.C. § 1447 for two independent and equally fatal reasons: (1) the Court lacks subject matter jurisdiction because there is not complete diversity of citizenship between the parties; and (2) removal is prohibited by 28 U.S.C. § 1441(b)(2) because several Defendants are Pennsylvania residents.

### A. This Court Lacks Subject Matter Jurisdiction Because There is Not Complete Diversity Between the Parties

The Court lacks subject matter over this dispute for the same reasons set forth in the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed in the *ABC Capital* Case. *See ABC Capital* Docket at ECF Doc. 2 (Sept. 8, 2017). Plaintiffs incorporate that motion and its supporting memorandum as if fully rewritten here and, rather than repeating the argument *verbatim*, will simply summarize the straightforward reason why this Court lack subject matter jurisdiction.

Defendants here purport to invoke this Court's diversity jurisdiction, *see* Designation Form (*Siena* Docket at ECF Doc. 1-4), and, as such, Defendants ultimately bear the burden of establishing that federal jurisdiction exists. *See, e.g., DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[T]he party asserting federal jurisdiction when it is challenged has the burden of establishing it."). Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Under well-established law, diversity jurisdiction requires

---

Docket at ECF Doc. 1-4. Additionally, although Defendants attest that they filed their Notice of Removal with the state court, *see* Notice of Removal (*Siena* Docket at ECF Doc. 1) ¶ 4, to date they have failed to do so. *See* State Case Docket Report, attached hereto as Exhibit A.

"[c]omplete diversity" between the parties and "in cases with multiple plaintiffs or multiple defendants, no plaintiff [can] be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005) and *Kaufman v. Allstate N.J. Insur. Co.*, 561 F.3d 144, 148 (3d Cir. 2009)).

The citizenship of limited liability companies or LLCs is determined by the citizenship of their members. *Lincoln Benefit*, 800 F.3d at 110; *Zambelli*, 592 F3d. at 420; *Bissell v. Graveley Bros. Roofing Corp.*, Civ. A. No. 15-4677, 2016 U.S. Dist. LEXIS 80308, *18 (E.D. Pa. June 21, 2016) (Jones, J.) ("[T]he citizenship of partnerships and other unincorporated associations is determined by the citizenship of its partners or members.") (internal quotation and citation omitted).

In this matter, Plaintiffs Siena Ventures LLC and SV PA PHI 1 LLC are limited liability companies jointly owned by non-parties Pacelli and Gabbay. *See* State Case Complaint (Ex. A to Notice to Removal) ¶¶ 13-14. Plaintiffs BTV PHIL LLC and BTV PHIL 3 LLC, in turn, are limited liability companies owned solely by non-party Pacelli. *See id.* ¶ 15. As Defendants themselves acknowledge, Mr. Pacelli is a resident of New Jersey. *See ABC* Cmpl. ¶ 2; *see also* Declaration of Franco Pacelli (Ex. C to Motion to Dismiss for Lack of Subject Matter Jurisdiction; *ABC Capital* Docket at ECF Doc. 2-1) ¶¶ 2-4. Because Mr. Pacelli is an owner of each Plaintiff LLC, all Plaintiffs are also deemed to be residents of New Jersey.

Defendant Amir Vana is also a New Jersey resident. ABC Capital's corporate website identifies Mr. Vana as New Jersey resident (*see* Ex. B. to Motion to Dismiss for Lack of Subject Matter Jurisdiction; *ABC Capital* Docket at ECF Doc. 2-1) and Mr. Vana was served with the State Case Complaint at his home in Voorhees, New Jersey. *See* Affidavit of Service,

6

attached hereto as Exhibit B.  In addition to being an individual Defendant in this case, Vana is also an owner of Defendant ABC Capital, ABC Capital Realty LLC ("ABC Realty") and New Philly Construction LLC ("New Philly").  *See* State Case Complaint (Ex A. to Notice of Remand) ¶ 20; *see also* Certificate of Organization; Ex. A to Motion to Dismiss for Lack of Subject Matter Jurisdiction; *ABC Capital* Docket at ECF Doc. 2-1).  Thus, Defendants Vana, ABC Capital, ABC Realty and New Philly are all deemed to be New Jersey residents.

"[D]iversity of citizenship jurisdiction requires complete diversity as between the two sides in a dispute – that is, it applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."  *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (internal quotation omitted).  Because multiple Plaintiffs and multiple Defendants in this case are New Jersey residents, complete diversity does not exist and the Court lacks subject matter jurisdiction over the case.  *See Underwood v. Mahoney*, 256 F.2d 334, 338 (3d Cir. 1958) ("[W]here jurisdiction is sought to be founded on diversity of citizenship, the action being brought by or against an unincorporated association . . . the citizenship of the individual members must be shown to be wholly diverse from that of the opposing party or those of the opposing parties.").

Given the absence of subject matter jurisdiction, this matter must be remanded to the Court of Common Pleas of Philadelphia County, where Plaintiffs originally and properly initiated suit.

### B.     28 U.S.C. § 1441(b)(2) Prohibits Defendants from Removing This Case

Separate and apart from the fatal absence of subject matter jurisdiction, Defendants' removal efforts also violate 28 U.S.C. § 1441(b)(2).  That section provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this

title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Individual Defendants Walsh and Greenberg are both citizens of Pennsylvania. *See* State Case Complaint (Ex A. to Notice of Remand) ¶¶ 20, 24. Indeed, each was served with the State Case Complaint at their respective homes in Pennsylvania. *See* Affidavits of Service, collectively attached hereto as Exhibit C. Defendant Walsh is also an owner of Defendants ABC Capital, ABC Realty and New Philly. *See* State Case Complaint (Ex A. to Notice of Remand) ¶ 21; *see also* Certificate of Organization; Ex. A to Motion to Dismiss for Lack of Subject Matter Jurisdiction; *ABC Capital* Docket at ECF Doc. 2-1). Thus, numerous Defendants are Pennsylvania citizens and, by operation of 28 U.S.C. § 1441(b)(2), this case cannot be removed based on the (erroneously claimed) ground of diversity of citizenship.

### III. THE COURT SHOULD AWARD PLAINTIFFS COSTS AND EXPENSES, INCLUDING ATTORNEY'S FEES, PURSUANT TO 28 U.S.C. § 1447(c)

Finally, the Court should require Defendants to reimburse all costs and expenses, including attorney's fees, that Plaintiffs incurred in responding to the two baseless Notices of Removal, including but not limited to the preparation of this motion package.

Pursuant to 28 U.S.C. § 1447(c), the Court may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Third Circuit has held that a finding of bad faith is *not* required to award fees under 28 U.S.C. § 1447(c). *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). Instead, where, as here, "the defect in removal 'is plain in the law and would have been revealed to counsel for the defendant with a minimum of research,' an award of fees is appropriate." *Mall v. Sports Favorites, Inc.*, Civ. A. No. 07-4789, 2008 U.S. Dist. LEXIS 37960, *6 (E.D. Pa.

May 9, 2008) (quoting *Twp. of Whitehall v. Allentown Auto Auction*, 977 F. Supp. 385, 386 (E.D. Pa. 1997)).

This case plainly calls for an award of fees and expenses. As was the case in *Mints*, there is no colorable basis for removal. *See Mints*, 99 F.3d at 1261 (upholding district court's award of feels where "there was no colorable basis for the removal" and where "the assertion in the removal petition that the district court has jurisdiction was, if not frivolous, at best insubstantial"). Counsel for Defendants had actual knowledge of the lack of complete diversity by at least September 8, 2017 – the date the Motion to Dismiss for Lack of Subject Matter Jurisdiction was filed in the *ABC Capital* Case – if not before. Yet he nonetheless removed this action, solely on the same lawed ground of diversity jurisdiction, nearly one month later.

Moreover, numerous courts in this District have held that the failure to comply with the plain and ambiguous language of 28 U.S.C. § 1441(b)(2) – like Defendants did here – is more than sufficient to justify an award of fees and expenses. *See, e.g., Mall*, 2008 U.S. Dist. LEXIS 37960 at *7 (awarding fees where "[e]ven a minimal amount of research would have revealed that a Pennsylvania defendant may not remove a case filed in Pennsylvania state court"); *Plevretes v. La Salle Univ.*, Civ. A. No. 07-5186, 2007 U.S. Dist. LEXIS 93029, *7-8 (E.D. Pa. Dec. 19, 2007) (awarding fees were "[r]emoval on the basis of diversity was . . . expressly prohibited by 28 U.S.C. § 1441(b)").

The same result should apply here: Plaintiffs should not have to bear the costs and expenses associated with responding to Defendants' meritless removal efforts. Plaintiffs

therefore respectfully request that the Court order Defendants to pay all fees and expenses Plaintiffs incurred in responding to the defective Notices of Removal.[2]

### IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion, remand the case to the Court of Common Pleas of Philadelphia County, and order Defendants to pay all fees and expenses that Plaintiffs incurred in responding to Defendants' meritless Notice of Removal.

Respectfully submitted,

Dated:  October 10, 2017              **LeVAN LAW GROUP LLC**

By: */s/ Peter H. LeVan, Jr.*
Peter H. LeVan, Jr. (Atty ID No. 83456)
One Logan Square – 27th Floor
Philadelphia, PA 19103
215.561.1500
215.827.5390 (facsimile)
plevan@levanlawgroup.com

*Attorneys for Plaintiffs*

---

[2] Other courts awarding fees and expenses pursuant to 28 U.S.C. § 1447(c) have ordered plaintiff's counsel to submit a declaration detailing all attorney's fees and costs associated with removal within 14 days of the Order.  *See, e.g., Mall*, 2008 U.S. Dist LEXIS 37960 at *8-9; *Twp. of Whitehall*, 966 F. Supp. at 387.  The Proposed Order filed with this Memorandum adopts such a framework for itemizing the amount of any such award.