IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
**SIENA VENTURES LLC**,                    :
**SV PA PHI 1 LLC**,                       :  Case No. 2:17-cv-04422-CDJ
**BTV PHIL LLC**, *and*                    :
**BTV PHIL 3 LLC**                         :
                                           :  Honorable C. Darnell Jones, II
    *Plaintiffs*       :
*v.*                                       :
                                           :
**ABC CAPITAL INVESTMENTS LLC**,           :
**ABC CAPITAL REALTY LLC**,                :
**NEW PHILLY CONSTRUCTION LLC**,           :
**AMIR VANA**,                             :
**JASON P. WALSH**,                        :
**YARON ZER**,                             :
**ARIEL TAUBE**, *and*                     :
**HOWARD A. GREENBERG**                    :
                                           :
    *Defendants*       :
_____:

**MEMORANDM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD
DEFENDANTS IN CIVIL CONTEMPT FOR VIOLATING COURT ORDER**

On April 12, 2018, this Court granted Plaintiffs' *Motion for Remand and for Fees and Costs Pursuant to 28 U.S.C. § 1447(c)* ("Motion for Remand") and (1) remanded the case to the Court of Common Pleas of Philadelphia County, where it was originally filed; (2) granted Plaintiffs' request for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c); and (3) referred the determination of the amount of attorney's fees and costs awarded to Magistrate Judge Sitarski.  *See* 4/12/18 Order ("Sanctions Order") (ECF Doc. 6), attached as Exhibit A.  In compliance with the Sanctions Order, Judge Sitarski issued an Order on June 14, 2018, requiring Defendants to remit the sum of $10,170 to Plaintiffs' Counsel within fourteen (14) days, or by June 28, 2018.  *See* 6/14/18 Order ("Fee Order") (ECF Doc. 12), attached as Exhibit B.

Defendants failed to comply with the Fee Order. As a result, all Defendants should be held in civil contempt and subject to sanctions, as described herein.

I. **PROCEDURAL HISTORY OF THIS CASE AND RELATED PROCEEDINGS**

This case is only the latest unfortunate example of meritless and procedurally flawed filing by Defendants. Because the rationale of the Sanctions Order relied, in part, on the earlier proceedings, a discussion of the parties' related proceedings is required for a full understanding of the issues.

A. **The *ABC Capital* Case**

On August 7, 2017, ABC Capital Investments LLC ("ABC Capital") initiated a lawsuit in this Court against Siena Ventures LLC (improperly named as "Sienna Ventures LLC"), Siena Venture's two individual members – Franco Pacelli and David Gabbay – and two LLCs owned individually or jointly by Pacelli and Gabbay. *See ABC Capital* Complaint, Civ. A. No. 17-3548, at ECF Doc. 1. In the Complaint, ABC Capital accused defendants of "surreptitiously" learning ABC Capital's "proprietary business methods, trade secrets [and] customer lists" and "poach[ing] . . . in bad faith" its "key laborers, employees and staff." *Id.* ¶¶ 8-9. Based upon those conclusory allegations, ABC Capital purported to assert claims for violations of "The Pennsylvania Proprietary Trade Secrets Act" (Count I), civil conspiracy (Count II), tortious interference with existing and prospective contractual relations (Count III), breach of fiduciary duty (Count IV) and civil conversion (Count V). *Id.* ¶¶ 11-33.

ABC Capital averred that the Court had subject matter jurisdiction over the dispute because "complete diversity of citizenship" allegedly existed. *Id.* ¶ 5. In truth, however, complete diversity did not exist because both Amir Vana, an owner of ABC Capital, and

individual defendant Pacelli are residents of New Jersey. Accordingly, on September 8, 2017, defendants in the *ABC Capital* Case filed a motion to dismiss for lack of subject matter jurisdiction. *See ABC Capital* Docket at ECF Doc. 2.

By Order dated April 12, 2018, the Court granted the motion and dismissed the *ABC Capital* Case for lack of subject matter jurisdiction. *See* 4/12/18 Order ("Dismissal Order"), attached as Exhibit C.

### B. The Current Case

On September 8, 2017, the same day they moved to dismiss the *ABC Capital* Case, Siena Ventures LLC and several LLCs owned individually or jointly by Messrs. Pacelli and Gabbay filed suit in the Court of Common Pleas of Philadelphia County against ABC Capital, ABC Capital Realty LLC, New Philly Construction LLC, and numerous individual defendants. In that 32-page, nine count complaint, Plaintiffs assert numerous state law claims against Defendants sounding in breach of contract, breach of fiduciary duty, fraud, tortious interference with contract, and declaratory relief, among others.

On September 26, 2017, Defendants purported to remove that case to this Court. Notwithstanding the prior briefing in the *ABC Capital* Case over the parties' citizenship status, Defendants removed the case solely on the identically flawed basis of diversity jurisdiction that does not, in fact, exist. In addition, Defendants improperly removed the case directly into the existing *ABC Capital* Case rather than as an independent action. *See ABC Capital* Docket at ECF Doc. 4.

Then, on October 4, 2017, Defendants again removed the case, this time marking it as an independent action. *See* 2:17-cv-04422-CDJ ("*Siena* Docket") at ECF Doc. 1. As with their earlier attempt, Defendants based removal solely on the flawed ground of diversity

3

jurisdiction that did not exist. *See* Designation Form, *Siena* Docket at ECF Doc. 1-4. On October 10, 2017, Plaintiffs filed the Motion to Remand, arguing that Defendants lacked an objectively reasonable basis for asserting diversity jurisdiction in light of the prior briefing in the *ABC Capital* Case and seeking sanctions pursuant to 28 U.S.C. § 1447(c). *See* ECF Doc. 2.

### C. The Orders in this Case

On April 12, 2018, this Court granted Plaintiffs' Motion to Remand and (1) remanded the case to the Court of Common Pleas of Philadelphia County, where it was originally filed; (2) granted Plaintiffs' request for an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c); and (3) referred the determination of the amount of attorney's fees and costs awarded to Magistrate Judge Sitarksi. *See* Sanctions Order (Ex. A).

In accordance with the requirements of the Sanctions Order, Plaintiffs promptly filed a *Memorandum in Support of Fees and Costs Pursuant to 28 U.S.C. § 1447(c)* ("Memorandum"), along with a supporting declaration of counsel, seeking an award of $10,170. *See* ECF Doc. 7. After Defendants failed to respond to the Memorandum, Judge Sitarski, on May 30, 2018, issued an Order requiring Defendants to respond to Plaintiffs' Memorandum within ten (10) days. *See* 5/30/18 Order (ECF Doc. 11), attached as Exhibit D. Once again, Defendants failed to respond to the Memorandum in any way.

On June 14, 2018, Judge Sitarski entered the Fee Order, requiring Defendants to remit the sum of $10,170 to Plaintiffs' Counsel within fourteen (14) days. *See* Fee Order (Ex. B). To date, Defendants have failed to comply with the Fee Order.

## II. ALL DEFENDANTS SHOULD BE HELD IN CIVIL CONTEMPT

This Court has both the statutory and inherent power to punish individuals and entities, like Defendants, that disregard or disobey its orders. *See, e.g.,* 18 U.S.C. § 401; *Michaelson v. United States ex rel. Chi., St. Paul, Minneapolis & Omaha Ry. Co.*, 226 U.S. 42, 65 (1924) ("[T]he power to punish for contempts is inherent in all courts."). "Contempt proceedings may be either civil or criminal in nature," depending on "the function of the order." *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp. 3d 530, 548 (E.D. Pa. 2016) (internal quotation omitted). Civil contempt sanctions, like those sought here, are remedial in nature and are designed to coerce compliance with the court order and to compensate the injured party. *Id.; see also Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990).

A party seeking civil contempt sanctions must establish, by clear and convincing evidence, that "(1) a valid court order existed, (2) the [allegedly defiant party] had knowledge of the order, and (3) [the party] disobeyed the order." *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir. 1995); *see also Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994). Once civil contempt has been established, "[t]he district court is given broad discretion in fashioning a remedy." *CBS Inc. v. Penn. Record Outlet, Inc.*, 598 F. Supp. 1549, 1557 (E.D. Pa. 1984). Among other things, a court may award "compensatory or remedial damages," "damages and costs," reasonable attorney's fees and costs incurred in connection with the contempt proceeding, a monetary fine (payable to the Court and/or the aggrieved party), or even imprisonment. *See, e.g., id.; see also Loftus v. Southeastern Penn. Transp. Auth.*, 8 F. Supp. 2d 464, 467 (E.D. Pa. 1998). Any combination of civil sanctions serves "to coerce the defendant into compliance with the court's order and to

5

compensate for losses sustained by the disobedience." *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984).

In this case, there is no doubt that Defendant should be subject to civil contempt sanctions. The Sanctions Order and the Fee Order are each clearly valid court orders. Defendants are aware of the Orders, both because they were served with the Orders by operation of the ECF System and because they filed a Notice of Appeal of the Fee Order.[1] Finally, none of the Defendants complied with the Fee Order. *See* Declaration of Peter H. LeVan, Jr., attached hereto as Exhibit F, ¶ 3. Therefore, Plaintiffs "have established by clear and convincing evidence that the three elements necessary to establish contempt are present." *Loftus*, 8 F. Supp. 2d at 467. "In fact, in this case, there is no dispute that the Court's Order was valid, that [Defendants] had knowledge of the Order, and that [they] disobeyed it by not paying the sanction imposed." *Id.*

Accordingly, the Court, after providing Defendants with notice and a hearing, should adjudge Defendants to be in civil contempt and award the following sanctions:

---

[1] On June 21, 2018, Defendants filed a Notice of Appeal, purporting to appeal the Fee Order to the Third Circuit. *See* Notice of Appeal (ECF Doc. 13). In a single sentence in the Notice, Defendants requested a stay of the Fee Order pending appeal. *See id.* By Order dated June 28, 2018, the Third Circuit denied Defendants' request for stay, stating: "It is noted that the appellants' notice of appeal contains a one-sentence request for a stay pending appeal. To the extent the appellants meant to request that relief from this Court, *but see* Fed. R. App. P. 8(a)(1) (ordinarily requiring stay motions to be made in district court in first instance), no action will be taken on the request. Any motion must state 'with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it.' *See* Fed. R. App. P. 27(a)(2)(A). Stay motions must also include the items required by Federal Rule of Appellate Procedure 8(a)(2) and Third Circuit Local Appellate Rule 8.1." *See* Third Circuit Order, attached as Exhibit E.

Notably, nothing about Defendants' efforts to appeal the Fee Order precludes this Court's ability to impose civil contempt sanctions for non-compliance. *See, e.g., Loftus*, 8 F. Supp. 2d at 466 (imposing civil contempt sanctions notwithstanding pending appeal and request for stay).

(1) Order Defendants to pay interest to Plaintiffs on the award of $10,170, starting on June 29, 2018, and continuing to accrue until all funds have been paid in full – *see, e.g., Cardionet LLC v. Mednet Healthcare Technologies, Inc.*, 146 F. Supp. 2d 671, 692 (E.D. Pa. 2015) ("Damages are available in civil contempt proceedings 'to compensate for losses sustained by the [contemnor's] disobedience.'") (quoting *Robin Woods*, 28 F.3d at 400);

(2) Order Defendants to pay Plaintiffs' reasonable attorney's fees and costs associated with this contempt proceedings, currently in the amount of $3,060 but will increase[2] – *see, e.g., Robin Woods*, 28 F.3d at 400 ("Only with an award of attorneys' fees can [the injured party] be restored to the position it would have occupied had [the contemnor] complied with [the court order]."); *Cardionet*, 146 F. Supp. 2d at 700 (awarding attorney's fees); *Acosta v. N&B Lundy Corp.*, No. 4:16-MC-396, 2017 WL 1709438, *4 (M.D. Pa. May 3, 2017) (finding defendant in civil contempt and awarding, among other sanctions, attorney's fees and costs in the amount of $4,225); and

(3) Order Defendants to pay to the Clerk of Court $250 per day for each day until such time as Defendants fully and completely satisfy the requirements of the Fee Order and any order in response to the Motion for Civil Contempt – *see, e.g., Pasternack v. Klein*, Civ. A. No. 14-2275, 2017 WL 1508970, *3 (E.D. Pa. April 27, 2017) (Noting that "[a] fine of between $100 and $1,000 per day is often used to coerce compliance with court orders" and ordering defendant to pay $250 per day until compliance is achieved) (collecting

---

[2] To the extent that the Court holds a hearing on the Motion or conducts other proceedings, Plaintiffs will incur additional attorney's fees and costs, in an amount yet to be determined. Plaintiffs respectfully request that the Court require Defendants to reimburse *all* reasonable attorney's fees and costs Plaintiffs ultimately incur in connection with these contempt proceedings.

cases); *Acosta*, 2017 WL 1709438 at *3 (ordering defendant to pay $250 per day until compliance is achieved); *Loftus*, 8 F. Supp. 2d at 466 (ordering contemnor [in 1998] to pay $100 per day until compliance is achieved).

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request the Court issue a Rule to Show Cause why Defendants should not be held in civil contempt for their ongoing violation of the Fee Order. After notice and hearing, Plaintiffs respectfully request that the Court issue an Order: (1) granting the Motion for Civil Contempt; (2) adjudging all Defendants to be in civil contempt; (3) requiring Defendants to pay interest to Plaintiffs on the Fee Order award of $10,170, starting on June 29, 2018, and continuing to accrue until all funds have been paid in full; (4) requiring Defendant to pay Plaintiffs' reasonable attorney's fees and costs associated with these contempt proceedings, currently in the current amount of $3,060 (but will continue to increase as these proceedings continue); and (5) requiring Defendants to pay to the Clerk of Court $250 per day for each day until such time as Defendants fully and completely satisfy the requirements of the Fee Order and this Order.

Dated: July 6, 2018  **LeVAN LAW GROUP LLC**

By: */s/ Peter H. LeVan, Jr.*
Peter H. LeVan, Jr. (Atty ID No. 83456)
One Logan Square – 27th Floor
Philadelphia, PA 19103
215.561.1500
215.827.5390 (facsimile)
plevan@levanlawgroup.com

*Attorneys for Plaintiffs*

8